DREW, Chief Justice
(dissenting).
In his original compensation order of May 23, 1962, the deputy found “ * * * it is the finding of the undersigned Deputy Commissioner that with adequate perseverance, the Claimant can regain partial use of her hand, resulting in only, as stated, 35% loss of use” (Emphasis supplied.) Eight months later, petition for modification was filed and, after testimony and hearing, the same deputy concluded that claimant had undergone a change of condition to the extent that she was then suffering a 65% loss in the use of her left hand instead of the original total 35%. I think this latter conclusion of the deputy is amply supported by the record. While the matter of pain might seem trivial and it might be thought that these psychogenic factors are inconsequential, Dr. Sterling H. Huntington in his report of March 21, 1963, which was before the deputy, stated “There is little doubt that this woman has suffered severe injury to her hand, especially to her ring finger and to the palmar fascia and the flexor tendon sheath with resultant trauma to the Median nerve.” In the original order of the deputy in which he made the award of 35% he bottomed his conclusion on the assumption the claimant could regain partial use of her hand with adequate perseverance. A year later he reached the conclusion that the premise upon which he reached his result in the first hearing was wrong and awarded her a rating of 65%.
A careful examination of this record convinces me that the deputy thought in the beginning that this claimant would probably regain substantially a good part of the use of her hand and resolved the question of percentage of disability in favor of the carrier. Subsequent events did not bear out his original assumption and he proceeded to correct his mistakes.
Modification provisions are the safety valve of workmen’s compensation acts. Such statutes are fair to both employer and employee. In tort cases a judgment ends the question of the amount of damages and extent of injuries but these statutes fix a two year period to re-evaluate the original findings and correct mistakes of fact and provide for change of conditions. The objective is to compensate the employee for whatever subsequent events (within the prescribed periods) establish is the real extent of his injuries — whether more or less than that originally determined. Without such statutes no careful lawyer could advise either the claimant or the employer to accept or offer an award until the passage of time had established the- true extent of the disability and this would defeat the very purpose of the compensation laws. These are basically administrative proceedings, devised to furnish prompt payment for injuries to a class of people usually unable to finance prolonged absences from employment. This employee should not be penalized because the deputy — in his commendable desire to be fair to all parties— erred in his conclusion that the passage of time would bring about an improvement in claimant’s condition and enable this employee to again resume at least a substantial use of her hand and arm. I think this is the result of rejecting his award of 65% and I therefore must respectfully dissent.